IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02595-WDM-PAC

TAMMY B. MCFADDEN,

    Plaintiff(s),

v.

PIONEER NATURAL RESOURCES USA., INC.,

    Defendant(s).

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Patricia A. Coan, Magistrate Judge**

This is an employment case. Plaintiff brings claims for unpaid wages and other compensation under Colorado common and statutory law. On April 19, 2005, this matter was referred to the undersigned for pretrial case management pursuant to 28 U.S.C. §§636(a) and (b). The matter now before the Court is Defendant's Motion to Amend or Modify Answer and Assert Counterclaims, filed December 30, 2005, Doc. # 50. Plaintiff has responded. Oral argument would not be of material assistance.

I.

Defendant moves to amend its answer to assert a counterclaim for attorney fees as a prevailing party under the Colorado Wage Claim Act, Colo. Rev. Stat. §§8-4-101 et seq. and to assert contract, conversion, and fiduciary duty counterclaims because plaintiff allegedly took with her some of defendant's confidential documents when her

04-cv-02595-WDM-PAC
January 25, 2006

employment with defendant ended. *See* Def. Motion at 1. As grounds, defendant relies upon "recently conducted written discovery and depositions." *See* Def. Motion at 1. The dates of the written discovery are not stated, but it was during depositions in November that defendant claims it first became aware that plaintiff allegedly had stolen documents from defendant and discussed them with other employees. *See id.* at 2. Defendant maintains that additional discovery will not be needed.

Plaintiff objects, arguing that the motion is untimely and would result in undue delay of these proceedings; that plaintiff would be unduly prejudiced because additional discovery, including reopening depositions, would be needed; and, that defendant acted with a dilatory motive because all of the information defendant asserts as bases for its amendments was known or should have been known prior to the expiration of any of the parties' agreed scheduling deadlines. *See* Pl. Resp. at 1-2.

Plaintiff further contends that documents in support of her claims were made available to defendant in March 2005 and delivered to defendant during or before June 2005, so that defendant knew or should have known that plaintiff retained some documents from her employment with defendant when the documents were produced. *See id.* at 4. Plaintiff further states that her deposition was taken on October 3, 2005 and the witnesses knowledgeable about the factual basis of defendant's proposed counterclaims were deposed November 11 and 14, 2005. *See id.* at 2. Plaintiff finally argues that defendant knew, or should have known the facts in support of its

2

04-cv-02595-WDM-PAC
January 25, 2006

counterclaims at least three to nine months before it filed its motion.

II.

Rule 15, Fed. R.Civ.P. governs a motion to amend a complaint or an answer.[1] Rule 15(a) provides for liberal amendment of pleadings, even after a responsive pleading has been filed. Under well-established law, leave to amend is a discretionary matter which is left to the trial court to determine. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). Refusing leave to amend is justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182,1185 (10th Cir. 1990). Untimeliness or undue delay is cause for denying leave to amend without any showing of prejudice to the other party.

---

[1]The Rule states:

Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Rule 15, Fed. R. Civ. P.

04-cv-02595-WDM-PAC
January 25, 2006

*See id.* at 1185; *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993)(motion to amend filed four months after the deadline denied as untimely). Amendment also may be denied when the movant has known of the facts upon which the amendment is based and fails to include them in earlier pleadings. *See State Distribs., Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984)(internal citation omitted).

Notwithstanding Rule 15's liberal application, this court has required good cause under Fed. R. Civ. P. Rule 16(b), to amend a complaint after the Scheduling Order's deadline has passed. *See Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D 684, 688 (D. Colo. 2000) (M.J. Boland) (denying motion to amend complaint for the failure to show good cause and defining "good cause" as demonstrating that the scheduling deadlines cannot be met despite a party's diligent efforts.) As more fully explained in another decision by Magistrate Judge Boland:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted).

Rule 16(b) thus establishes a "more stringent standard, requiring some

4

04-cv-02595-WDM-PAC
January 25, 2006

persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Colorado Visionary Academy*, 194 F.R.D at 687 (internal citations omitted).

III.

In this case, the Scheduling Order's deadline to amend pleadings was August 31, 2005. *See* June 30, 2005 Scheduling Order at 3. The discovery deadline was December 30, 2005. *Id.* at 9. The dispositive motions deadline is January 30, 2006. Pioneer waited to move for amendment until December 30, 2005, four months after the August 31, 2005 deadline, at least three months after receipt of plaintiff's Rule 26(a)(1) documents or documents requested in discovery, approximately two and a half months after taking plaintiff's deposition, and about six weeks after taking other depositions which may be supportive of its counterclaims.

Where the scheduling order's deadline for amendment has passed, a two step analysis is required. *Pumpco, Inc.*, 204 F.R.D. at 668. If the good cause requirement is met, then the court may consider whether leave to amend should be permitted under Rule 15(a). *Id.* Here, defendant's motion is untimely, so that defendant is required to show why the scheduling order's deadline could not have been met with diligence. Defendant has not made that showing.

Defendant did not request an extension of time for amendment of its Answer. It did not provide quotations from or deposition transcript excerpts nor any other materials

04-cv-02595-WDM-PAC
January 25, 2006

to demonstrate what date it determined that plaintiff's wage claim was "frivolous" or the date on which it learned that plaintiff had allegedly stolen materials from defendant's workplace in violation of her agreement to keep such material confidential. Without providing any specific dates for the receipt of information relevant to its counterclaims, defendant does claim that it learned of this information "through written discovery" or in "depositions taken in November," without referencing a specific deposition.[2]  These are not sufficient grounds to meet Rule 16(b)'s good cause requirement, but instead evidence lack of diligence.

Based on the information presented to the Court, I recommend finding that defendant would have become aware that plaintiff's claim for wages under Colo. Rev. Stat. §8-4-109 was "completely frivolous" no later than during plaintiff's deposition in October 2005, and that, upon receipt of plaintiff's written discovery responses at the latest, would have known the underlying facts for its contract, conversion and fiduciary duty counterclaims. I further recommend finding that defendant has not given an adequate explanation for its delay until December 30, 2005 to request leave to amend to state its counterclaims. Moreover, while I do not find dilatory motive or bad faith on the part of defense counsel, I do find the absence of "good cause" under Rule 16(b) for

---

[2]Plaintiff responded with the more specificity, arguing that defendant learned of the materials for its counterclaims in responses to its written discovery produced in June 2005 and certainly could have asked about them in plaintiff's deposition which was taken on October 3, 2005.

6

04-cv-02595-WDM-PAC
January 25, 2006

defendant's delay in moving to amend its answer to add counterclaims. I therefore recommend denying defendant's motion.

IV.

Accordingly, for the reasons stated, it is hereby

RECOMMENDED  that Defendant's Motion to Amend or Modify Answer and Assert Counterclaims, filed December 30, 2005, Doc. # 50 be denied.

**Within ten days after being served with a copy of the proposed findings and recommendation of the magistrate judge, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

04-cv-02595-WDM-PAC
January 25, 2006

    Dated January 25, 2006.

                                       By the Court:
                                       <u>s/Patricia A. Coan</u>
                                       Patricia A. Coan
                                       Magistrate Judge

.

04-cv-02595-WDM-PAC
January 25, 2006