IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   04-cv-02595-WDM-PAC

TAMMY B. MCFADDEN,

    Plaintiff(s),

v.

PIONEER NATURAL RESOURCES USA, INC.,

    Defendant(s).

_____

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**
_____

    This matter is before me on the Recommendation of Magistrate Judge Patricia A. Coan, issued January 25, 2006, defendant's Motion to Amend or Modify Answer and Assert Counterclaims (docket no. 50) be denied.  Defendant filed a timely objection to the recommendation and plaintiff responded to the objection.

    In its objection the defendant disclaims any effort to assert a counterclaim and limits its objections to the denial of an additional affirmative defense for attorneys' fees.  There may be an issue whether this dispute concerns a non-dispositive matter to be reviewed under the "clearly erroneous or contrary to law" standard pursuant to Fed. R. Civ. P. 72(a).  I will treat the matter as dispositive because the effect may be to preclude a claim.  *See Pedro v. Armour Swift-Ackrich*, 118 F.Supp. 2nd 1155, 1157 (D. Kan. 2000).  Accordingly, I have reviewed *de novo* the pertinent portions of the record and the parties' arguments.

Defendant's argument focuses on various issues, including whether it had met the standard for amendment following a scheduling order under Fed. R. Civ. P. 16(b) and the "good cause" standard under Rule 15(a). Defendant also argues that it may not be necessary to amend its answer because there may be no need to plead a request for attorneys' fees as an affirmative defense. Defendant engages in many factual arguments regarding "good cause" and factors to be considered when determining whether leave to amend should be granted.

Plaintiff responds urging that defendant has not shown good cause and in any case the motion should be denied because the amendment would be futile, asserting that defendant never made the required tender under § 8-4-110(1) C.R.S. and therefore could not recover attorneys' fees in any case.

This is essentially a legal dispute and the parties are off track in their arguments. Resolving the dispute at issue is unnecessary if there exists no pleading requirement to recover attorneys' fees under the statute. Without more, it is well-established that there is no need that a request for attorneys' fees be incorporated in the complaint or answer. In the landmark decision of *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445 (1982), the Court held that a successful plaintiff was entitled to seek attorneys' fees as the prevailing party pursuant to 42 U.S.C. § 1988 even though his complaint did not specifically request attorneys' fees and a judgment was entered without attorneys' fees upon the consent of the parties. Indeed, the plaintiff filed his motion for an award of fees more than four months after entry of default judgment. *Id*. at 448. When a statute authorizes the award of attorneys' fees, the court allowed such an award by the trial court even though the plaintiff had not made such a claim in the

complaint and the matter was not presented until after entry of judgment.

Further, and a basic point that neither party addressed, Fed. R. Civ. P. 54 (d)(2) specifically provides that attorney fee claims "shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." In the vast majority of cases attorneys' fees are not an element of damages to be proved at trial, with the exception being the type of case where attorneys' fees have been incurred in a prior proceeding. *See Moore's Federal Practice* 3d, § 54.151[2][d]. I view § 8-4-110(1) C.R.S. as simply a fee shifting statute no different than federal fee shifting statutes which do not require special pleading and may be recovered by post-trial motion pursuant to Rule 54(d). Accordingly, the debate of the parties is moot.

It is therefore ordered:

1. The recommendation of Magistrate Judge Patricia A. Coan, issued January 25, 2006, for denial of the motion is accepted for differing reasons as stated herein; and

2. Defendant's Motion to Amend or Modify Answer and Assert Counterclaims (Docket No. 50) is denied.

DATED at Denver, Colorado, on October 25, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge