IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02595-WDM-PAC

TAMMY B. MCFADDEN,

    Plaintiff,

v.

PIONEER NATURAL RESOURCES USA, INC.,

    Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This case is before me on Defendant Pioneer Natural Resources USA Inc.'s (Pioneer) motion for summary judgment, filed January 30, 2006. For the reasons that follow, the motion will be denied.

### Background[1]

This case revolves around an alleged offer of an employment bonus. Plaintiff Tammy B. McFadden (McFadden) began working for Evergreen Resources, Inc. (Evergreen) in September of 2003 as an executive assistant to Kevin Collins (Collins). About five months later, she submitted her resignation to Collins, telling him that she had received an offer from Medicine Bow Energy Corporation (Medicine Bow). Specifically, McFadden claims she told Collins that Medicine Bow offered her a

---

[1] Unless otherwise noted, the background facts, drawn from the parties' briefs and supporting evidence, appear to be undisputed.

significant raise and a bonus equal to one year's salary if the company ever experienced a change in control.

In an effort to convince McFadden to stay, Collins consulted with others at Evergreen and developed a counter-offer, which he presented to McFadden on February 4, 2004. This offer included a promotion to facilities manager, a $10,000 per year raise, and according to McFadden, a bonus of at least one year's salary if the Evergreen experienced a change in control.[2]

Then, on February 9, 2004, Evergreen's Human Resources Director, Penny Raffety (Raffety) sent McFadden an offer letter which described "a new compensation package that would be provided . . . upon your acceptance." (Ex. A-4 to Def.'s Motion for Summary Judgment, Docket No. 64) Raffety's letter briefly described McFadden's new salary, vacation time, stock grants, and standard company benefits, but it did not say anything about a change-in-control bonus. It also provided that it was not a contract for a set term and the employment was "at will." Raffety concluded by signing the letter, and asking McFadden to do the same to "indicate acceptance of this proposal." *Id.* McFadden signed the letter the same day she received it.

McFadden continued to work in her new position for Evergreen when, in September 2004, Evergreen completed a merger with Pioneer. Soon afterward, McFadden raised the issue of her bonus with Collins. Collins informed McFadden that she would not be receiving any bonus, and from then on Pioneer has consistently

---

[2] It is not clear from the parties' briefs exactly how McFadden reacted to Collins's verbal offer, but it is clear that McFadden decided at some point to stay with Evergreen.

2

refused all of McFadden's demands for her bonus.  As a result, McFadden quit her job and is now suing Pioneer[3] for breach of contract, promissory estoppel, and a violation of the Colorado Wage Claim Act (CWCA).

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

## Discussion

1.      Promissory Estoppel

The Colorado Supreme Court[4] has identified three elements of a promissory

---

[3] Pioneer does not dispute that under its agreements with Evergreen, it has assumed all of Evergreen's liability relating to this action.

[4] The parties agree that Colorado substantive law controls this case, and my goal is to reach the same result that a Colorado court would reach, *Ben Kennedy &*

3

estoppel claim:

> (1) a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (2) action or forbearance induced by that promise; and (3) the existence of circumstances such that injustice can be avoided only by enforcement of the promise. The presence of these elements will prevent the lack of a written contract from defeating a plaintiff's claim.

*Nelson v. Elway*, 908 P.2d 102, 110 (Colo. 1995).

Pioneer presents multiple arguments for summary judgment.  First, Pioneer argues that McFadden's claim must fail because she cannot identify a promise that is specific enough.  *See Soderlun v. Pub. Serv. of Colo.*, 944 P.2d 616, 620 (Colo. Ct. App. 1997) (noting that a promise "must . . . be sufficiently specific so that the judiciary can understand the obligation assumed and enforce the promise according to its terms").  According to Pioneer, McFadden has described Collins's promise to her in a variety of ways, and these variations indicate that she is not sure what she was promised.  Specifically, Pioneer points out that McFadden has variously testified that Collins told her the following: (1) he would "match" the Medicine Bow bonus if the company was sold (McFadden Deposition, Ex. A-1 to Def.'s Motion for Summary Judgment, Docket No. 64, at 54:18-20); (2) he would "give her the bonus," *id.* at 65:6; (3) Evergreen could "do the same if not better," *id.* at 54:24-25; and (4)"she would

---

*Assocs., Inc. v. St. Paul Ins. Co.*, 40 F.3d 318, 319 (10th Cir. 1994). In pursuit of this goal, I first look to "the most recent statement of state law by the Colorado Supreme Court," *Clark v. State Farm Mut. Ins. Co.*, 433 F.3d 703, 710 (10th Cir. 2005).  And, where the Colorado Supreme Court has not spoken directly upon an issue, I will follow Colorado Court of Appeals rulings "'unless [I am] convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Hicks v. Feiock*, 485 U.S. 624, 630 n.3 (1988) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)) (alteration added).

receive a bonus if Evergreen closed," *id.* at 64:8-9.  In addition, McFadden once referred to a change-in-control bonus as a "parachute payment." *Id.* at 99:10-12. According to Pioneer, the term parachute payment implies a bonus conditional upon termination.  I disagree.

First, McFadden's position — that she was promised a bonus of one year's salary if Evergreen ever experienced a change in control — is certainly specific enough that the terms of the obligation can be understood and enforced.  Second, when read in context, McFadden's first four descriptions of Collins's promise are all reasonably consistent with this position.  And third, as McFadden points out, the term "parachute payment" does not always imply that the recipient must first be terminated.  *See* 26 U.S.C. § 280G(b)(2) (tax code definition that does not require termination for a change-in-control bonus to qualify as a "parachute payment").  In sum, after considering all of the evidence that the parties have produced, a reasonable jury could conclude that Collins specifically promised McFadden a bonus equal to one year's salary if Evergreen ever changed control.

Second, Pioneer claims that under Colorado law, a company's promise is necessarily vague and indefinite if it is based upon only one or two isolated statements to an employee.  I disagree.  In support of its argument, Pioneer cites *Smith v. Colorado Interstate Gas Co.*, 794 F. Supp. 1035, 1041-42 (D. Colo. 1992), and *Allen v. Dayco Products, Inc.*, 758 F. Supp. 630, 632 (D. Colo. 1990).  These cases, however, provide no support for such a remarkable rule of law.  In each, an employer's promise regarding length of employment was found insufficient to support an ex-employee's

5

promissory estoppel claim. But neither opinion indicates in any way that the promises were lacking because of insufficient repetition. Therefore, Pioneer is not entitled to summary judgment on this ground.

Third, Pioneer argues that under *Elway*, 908 P.2d at 110, a person cannot reasonably rely upon a condition until the condition is satisfied. Therefore, since it is undisputed that the condition in this case (a change in control) did not occur until after McFadden's detrimental reliance (declining the Medicine Bow offer), Pioneer claims that it is entitled to summary judgment. I disagree.

The categorical language that Pioneer points to in *Elway* was not essential to the court's holding, and is therefore dicta. *See Cent. Va. Cmty. Coll. v. Katz*, 126 S.Ct. 990, 996 (2006) ("[W]e are not bound to follow our dicta in a prior case in which the point now at issue was not fully debated."); *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399 (1821) ("It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision."). *Elway* involved the sale of two car dealerships and a promise from the buyer to pay the seller $50 per vehicle sold within seven years of the dealership sale. Elway, 908 P.2d at 110. This promise, however, was expressly conditioned upon the financing company, General Motors Acceptance Corporation (GMAC), approving the sale of the dealerships. *Id.* Under these circumstances, the Colorado Supreme Court held that the seller could not, as a matter of law, reasonably rely upon this conditional promise

until the condition was satisfied. *Id.* The court went on in dicta, however, to categorically state that detrimental reliance upon a conditional promise is always unreasonable until the condition is satisfied. *Id.*

I conclude that this general statement is incorrect in this case. As the *Elway* court noted, "[t]he essence of [a promissory estoppel claim] is the plaintiff's reasonable reliance on the defendant's representations." *Id.* Although it may have been "manifestly unreasonable" for the seller in *Elway* to rely upon the conditional promise involved there, McFadden was faced with a very different situation. *Id.* Assuming that Collins's promise was as McFadden claims, McFadden was in a position where she had two competing offers that each contained a conditional bonus, and she needed to choose one over the other before the conditions occurred. Thus, it was impossible for McFadden to postpone her detrimental reliance (forfeiting one job for another) until after the condition occurred, and the factfinder could therefore conclude that her reliance was reasonable. Moreover, the dicta from *Elway* is inconsistent with section 91 of the Restatement which expressly makes a conditional promise binding "upon the occurrence of the condition," here the future change in control.

Finally, Pioneer argues that McFadden cannot show that enforcement of Collins's alleged promise is necessary to prevent injustice. Although there are issues of the reasonableness of McFadden's reliance, given the written employer communications, it is possible to conclude that leaving McFadden without a remedy would result in injustice. Moreover, McFadden's evidence indicates that Medicine Bow was sold in 2005. Therefore, if she had not relied on Collins's promise but instead had

7

moved to Medicine Bow, she would have received a change-in-control bonus at that time (assuming she was still working there). Accordingly, Pioneer has not demonstrated an entitlement to summary judgment on McFadden's promissory estoppel claim.

2.      Breach of Contract

McFadden's breach of contract claim alleges that on February 4, 2004, she and Collins entered into an enforceable oral contract regarding the change-in-control bonus. In their motion, Pioneer first argues that McFadden has no evidence of such a contract because all of her evidence is barred by the parol evidence rule. According to Pioneer, the February 9, 2004 written agreement did not mention a bonus, and the parol evidence rule therefore prevents McFadden from presenting evidence of her alleged bonus. I disagree.

It is well-established that the parol evidence rule only applies if the parties intended their written agreement to be fully integrated. *E.g.*, *Coulter v. Anderson*, 357 P.2d 76, 80 (Colo. 1960). The best way to determine that intent, however, is quite controversial. *See generally* 11 Richard A. Lord, *Williston on Contracts*, § 33:16 (4th ed. West 1990 & Supp. 2006). In general, there are two main schools of thought on this subject.[5] *Id.* Under the traditional, or "four corners" approach, a court cannot consider parol evidence on the issue of integration unless the written agreement appears incomplete on its face. Lord, § 33:16 (cataloging cases). In contrast, under the modern approach, parol evidence may be considered to determine the parties

---

[5] And, as one might expect, there are also a few intermediate approaches.

intent regarding integration. *Id.* The Restatement (Second) of Contracts has adopted the modern view. *See* Restatement (Second) of Contracts §§ 214 (1981) (noting that "[a]greements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish . . . that the writing is or is not an integrated agreement").

This controversy is critical in this case because the two different approaches lead to two different results. When I examine only the parties' written agreement, it appears that they intended this document to memorialize their entire agreement regarding McFadden's compensation package, i.e., it is a fully integrated contract. Although it does not contain an integration clause, and although it is relatively brief and informal, the written agreement appears to describe all of the essential terms of McFadden's new position, and it gives no hint of a side agreement regarding a bonus. Thus, under the traditional, four corners approach, I would conclude that the parties intended their written agreement to supercede all prior agreements.

However, were I allowed to consider McFadden's extrinsic evidence, I would find it sufficient to create a genuine question as to the parties intent regarding integration. Specifically, McFadden has testified that integration was neither her understanding nor her intent, and that at a previous job, she received a change-in-control bonus even though it was not included in her written employment contract. (McFadden Deposition, Ex. A-1 to Def.'s Motion for Summary Judgment, Docket No. 64, at 68:11-69:22) Therefore, the key question is which version of the parol evidence rule the Colorado courts have adopted.

After surveying Colorado caselaw, I conclude that Colorado follows the modern approach. *See Coulter*, 357 P.2d at 80-81 (considering evidence that was extrinsic to facially complete contract because "[w]here it is shown that a writing was not intended to be fully integrated, terms other than those set forth in the writing may be proved by parol evidence"); *Creek v. Lebo Inv. Co.*, 276 P. 329, 330 (Colo. 1929) (reversing trial court and holding that parol evidence was admissible to determine whether the parties intended building lease to be fully integrated); *Tollefson v. Gleason*, 412 P.2d 436 (Colo. 1966) (holding evidence of separate oral agreement admissible and finding non-integration, but giving no indication that written contract was facially incomplete); *Manning v. Permian Corp.*, 476 P.2d 55 (Colo. Ct. App. 1970) (holding parol evidence admissible to prove that parties agreed to higher rental payments than was indicated by written lease, and giving no indication that written lease was facially incomplete). Accordingly, Pioneer is not entitled to summary judgment based upon the parol evidence rule.

Next, Pioneer argues that there is no oral contract because the "offer" McFadden claims to have received contains no terms. This argument is substantially the same as Pioneer's promissory estoppel argument that McFadden cannot identify a specific promise, and I reject it for similar reasons. As discussed above, McFadden's has produced sufficient evidence that a reasonable jury could conclude that Collins offered her a bonus equal to one year's salary that she would be entitled to if and when Evergreen experienced a change in control.

Finally, Pioneer briefly argues that there is no oral contract because McFadden

cannot show Pioneer's intent to be bound, there was no acceptance, and no consideration from either party. Again, I disagree. As for acceptance and consideration from McFadden, this case is similar to those involving statements in employment manuals (or similar documents) that represent binding offers of a unilateral contract wherein the employee's continued employment constitutes both acceptance and consideration. *See e.g., Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo. 1987). Moreover, there is an additional element of consideration in this case, as McFadden specifically gave up another employment opportunity when she stayed with Evergreen. As to Pioneer's assertion that it gave no consideration, this appears to be an argument that its promise was illusory (if given at all). This argument fails, however, because under Colorado law, a promise is not illusory unless the promisor is free to disregard the promise "*whatever course of conduct in other respects he may pursue.*" Restatement of Contracts § 2 cmt. b (emphasis added); *see Sentinel Acceptance Corp. v. Colgate*, 424 P.2d 380, 382 (Colo. 1967) (adopting this comment from the Restatement). In this case, assuming Collins's promise was as McFadden claims, Pioneer is bound thereby because, while Evergreen could have fired McFadden prior to the merger, it chose not to. Finally, as to intent to be bound, this case is distinguishable from the cases Pioneer relies upon. *See Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1464-1466 (10th Cir. 1994) (citing *Kuta v. Joint Dist. No 50(J)*, 799 P.2d 379, 382 (Colo. 1990 for the proposition that an employer's limited distribution of documents demonstrates a lack of intent to be bound by the offers contained therein). In stark contrast to these cases, the alleged offer in this case was made

11

directly to McFadden, in a face-to-face conversation. Summary judgment on McFadden's breach of contract claim is therefore not appropriate.

3.  Colorado Wage Claim Act

McFadden claims that Pioneer's failure to give her a change-in-control bonus entitles her to statutory penalties and attorneys fees under the CWCA. *See* Colo. Rev. Stat. §§ 8-4-109(3), 110 (2006). In contrast, Pioneer argues that the CWCA does not apply because the alleged bonus would not qualify as "wages" or "compensation," which the Act defines as follows.

> (I) All amounts for labor or service performed by employees, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculating the same . . . . No amount is considered to be wages or compensation until such amount is earned, vested, and determinable . . . [and]
> (II) Bonuses or commissions earned for labor or services performed in accordance with the terms of any agreement between an employer and employee; . . .

§ 8-4-101(8)(a). Essentially, Pioneer argues that McFadden's alleged bonus was based upon luck, and "she had to do nothing to receive it." (Def.'s Reply Brief, Docket No. 75, at 8) This is only partially correct. I agree that McFadden had little control over one of the conditions of her bonus — whether the company would change control. However, McFadden continuing to work for Evergreen until it experienced a change in control is hardly "doing nothing."

The question remains, however, whether McFadden's lack of control over one of the conditions of her bonus takes it out of the realm of the CWCA. Upon consideration of *Rohr v. Ted Neiters Motor Co.*, 758 P.2d 186 (Colo. Ct. App. 1988), I conclude that it

does not.  In *Rohr*, the Colorado Court of Appeals held that a bonus, which was based in part upon labor and services, and in part upon things out of the employee's control, constituted "wages" or "compensation" under the CWCA.  *Id.* at 187-88.  Specifically, the court held that the Act covered a bonus that was calculated as a percentage of a company's profits.  *Id.*  Similarly, I find that McFadden's alleged bonus, based in part upon her labor and services, and in part upon good fortune, is also covered by the CWCA.

Accordingly, it is ordered that Defendant's motion for summary judgment, filed January 30, 2006 (Docket No. 64), is denied.

DATED at Denver, Colorado, on January 16, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge