IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02595-WDM-KLM

TAMMY B. MCFADDEN,

    Plaintiff,

v.

PIONEER NATURAL RESOURCES USA, INC.,

    Defendant.

## ORDER ON MOTIONS TO AMEND

Miller, J.

This case is before me on Plaintiff's Motion for New Trial (doc no 144). Defendant Pioneer Natural Resources USA Inc. (Pioneer) opposes the motion. Also before me is Pioneer's Motion for Attorneys' Fees and to Amend Judgment (doc no 145), which Plaintiff opposes. For the reasons that follow, Plaintiff's motion will be denied and Pioneer's motion will be granted.

### Background

This case revolves around an alleged offer of an employment bonus. A trial to this court was held on January 30 and 31, 2007. On September 26, 2007, I issued my Findings of Fact and Conclusions of Law (doc 142). I concluded, *inter alia*, that Plaintiff had not sustained her burden to prove the existence of an agreement to grant her an unconditional change-in-control bonus. I also determined that although Pioneer was not liable for Plaintiff's claim under the Colorado Wage Claim Act, Pioneer had waived

its entitlement to attorneys' fees by failing to include a demand in its proposed Findings of Fact and Conclusions of Law.

1. Plaintiff's Motion

In her motion, Plaintiff argues that she is entitled to a new trial or a decision in her favor because she believes that I did not consider certain evidence that she considers dispositive in this matter. As grounds, she notes that several months elapsed between the trial and the issuance of my order. She argues that my decision did not take into account the following: (1) unconditional change in control bonuses were previously given; (2) the letter of February 9, 2004, which summarized Plaintiff's compensation, was not an employment contract; and (3) company representatives considered several options for change of control bonuses, including unconditional bonuses, which supports Plaintiff's version of the events.

I have discretion pursuant to Fed. R. Civ. P. 59(a) to grant Plaintiff's motion for a new trial. No fixed standards exist, but generally recognized grounds for a new trial include that the verdict is against the clear weight of the evidence, the trial was not fair, substantial legal errors occurred, or the damages are excessive. See 9, 12 Moore's Federal Practice §§ 50.06[b]; 59.13 (3d Ed. 2004). Plaintiff is mistaken in her assumption that I did not review and consider all of the evidence presented at trial or that I misapprehended its nature. In addition, Plaintiff previously argued the importance of the evidence presented in her proposed Findings of Fact and Conclusions of Law, which I considered in my ruling. Plaintiff merely disagrees with the weight that I gave the evidence and documents identified in her motion, which is not

grounds for a new trial. Nor is it a sufficient basis for relief pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (Rule 59(e) motion requires showing of (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice; neither Rule 59(e) or 60(b) is an appropriate vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."). Plaintiff is not entitled to a new trial or relief from the judgment.

2. <u>Defendant's Motion for Attorneys' Fees</u>

In my order, I ruled that Pioneer was not entitled to attorneys' fees pursuant to C.R.S. § 8-4-110 (a) (2004) because it had waived its entitlement to such an award. I based this on Pioneer's failure to include a request for attorneys' fees in its proposed Findings of Fact and Conclusions of Law. Pioneer argues that no waiver occurred because it relied on my order of October 26, 2006 (doc no 92) regarding pleading requirements for recovery of attorneys' fees, which noted "attorneys' fees may be recovered by posttrial motion pursuant to Rule 54(d)." In light of this previous order and Defendant's consistent position regarding its intent to recover fees, I will amend this portion of my Findings of Fact and Conclusions of Law by removing Paragraph 13 from the Conclusions of Law section.[1]

There is no real dispute that the 2004 version of the Colorado Wage Claim Act

---

[1]Plaintiff argues that Defendant's motion is untimely. However, Defendant's motion was filed within 10 days of the entry of the order and judgment, not including weekends and a legal holiday on October 8, 2007, and is therefore timely.

applies to Plaintiff's claim.  The language in the attorneys' fee provision of the statute is mandatory.  C.R.S. § 8-4-110(a) (2004) ("if, in [an action for recovery of wages owed], the employee fails to recover a greater sum than the amount tendered, the employee <u>shall</u> pay the cost of the action and the employer's reasonable attorney fees incurred in such action") (emphasis added).  Because Plaintiff did not recover more than the amount tendered by Pioneer, Pioneer is entitled to reasonable attorneys' fees.  Pioneer's motion to amend will be granted as to Pioneer's entitlement to reasonable attorneys' fees but I will reserve ruling as to the amount.  Pioneer shall file an affidavit pursuant to my Trial and Pretrial Procedures for motions for attorneys' fees; afterwards, Plaintiff shall be permitted to file specific objections to the amounts sought.

Accordingly, it is ordered:

1. Plaintiff's Motion for New Trial (doc no 144) is denied.

2. Defendant's Motion for Attorneys' Fees and to Amend Judgment (doc no 145) is granted in part.  An amended Findings of Fact and Conclusions of Law order shall issue, deleting Paragraph 13 of my Conclusions of Law.  Defendant is entitled to an award of reasonable attorneys' fees.  Defendant shall file an affidavit compliant with my Trial and Pretrial Procedures on or before January 4, 2008.  Plaintiff may file objections to

the amounts sought by Defendant within 20 days of the filing of such affidavit.

DATED at Denver, Colorado, on December 19, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge